Lawrence Praga, Esq. Town Attorney, Yorktown
I am writing in response to your request for an opinion as to the compatibility of the offices of deputy town attorney and member of the town board of assessment review.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We see no inconsistency between the duties of the two positions, nor is one position subordinate to the other. There are no statutory restrictions prohibiting the deputy town attorney from holding other elective or appointive offices.
With regard to membership on the town board of assessment review, Real Property Tax Law, § 523(1) provides for the appointment of board members by the local legislative body and states that "[a] majority of such board shall consist of members who are not officers or employees of the local government". We have previously stated that this language does not preclude a town board from appointing a town officer (other than a member of the town board) or a town employee as one of the "minority" members of the assessment review board (1982 Op Atty Gen [Inf] 159). The exception we noted for members of the town board is based on the common law rule that an appointing body may not appoint one of its members to a public office (Wood v Town of Whitehall, 120 Misc. 124
[Sup Ct, Washington Co], affd 206 App. Div. 786 [3d Dept, 1923]).
Accordingly, we conclude that one person may serve simultaneously as deputy town attorney and as a member of the town board of assessment review.